WILLIAM H. REDDIN, ET AL., *v.* THEODORE SCHWARTZ.

[Abstract Kentucky Law Reporter, Vol. 2—63.]

**Vendor's Lien—How Lost.**

Where vendors having a lien unite with the vendees and transfer the property to a third party a corporation, it becomes subject to the corporate debts, and it is then too late for the vendors to assert liens as against the creditors of the corporation.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 11, 1880.

OPINION BY JUDGE PRYOR:

The whole of the property in question, by the act of organization made on the 1st of February, 1866, was transferred to and became a part of the capital stock of the corporation known as the Beargrass Turnpike Company. The conveyance of the same date to these appellants or their assigns was made to enable them to become stockholders and part owners in the enterprise. The vendors, Roberts and Hohn, convey seven-tenths of the property to the appellants, and then all of these parties transfer the same to the Beargrass Turnpike Company. The vendors, having a lien, unite with the vendees in transferring the property to a third party, the corporation, and by an express provision of its charter the property of the corporation is subject to its debts.

It is now too late for the vendors to assert liens as against the creditors of the corporation. The subscriptions to the corporation were fully paid, and the conveyance made to the appellants for that purpose. The shares of stock were paid for in the land or estate conveyed, and no lien being retained as against this third party (the corporation) the chancellor acted properly in subjecting the prop-

erty to the payment of the appellee's debt. The corporate shares of stock were unencumbered, and we think this was the manifest purpose of the parties. The shares of Hohn and Roberts certainly had no lien resting upon them, and we see no reason why these shares should be held liable and not the others. The books show the indebtedness of the company to the appellee, and his judgment is based upon it. There is no reason why this company should not pay its debts. We have not examined the charter to see whether by a special clause the property of the company may be sold for its debts. It is a fact not controverted by counsel, and therefore the court will assume that such is the charter.

The judgment is *affirmed*.

*O. A. Wehle, Bigger & Davie, William Mix, E. E. McKay, Clemmons & Willis, for Appellants.   L. M. Dembitz, for appellee.*